IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Robert Sterling Dorsey, #43739-083, ) | Civil Action No. 5:19-0050-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America; Bureau of ) | |
| Prisons Employees; Jacqueline R. Brown, ) | |
| Case Management Coordinator; Hector ) | |
| Joyner, Warden; D.L. Smith, Correctional ) | |
| Officer; and Several Unknown John and ) | |
| Jain, Mailroom Staff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 60), recommending that Defendants' motion to dismiss be granted. For the reasons set forth below, the Court declines to adopt the R & R as the order of the Court. Defendants' motion to dismiss is granted.

**I.  Background**

Plaintiff Robert Dorsey is an incarcerated person proceeding *pro se* to allege that Defendants violated his constitutional rights and that the United States of America violated the Federal Tort Claims Act ("FTCA") by negligently handling his mail and failing to properly train and supervise mailroom employees. The crux of Plaintiff's complaint is that Defendants violated his First, Sixth and Fourteenth Amendment rights at Estill FCI in 2016 and 2017 by withholding his legal mail or by opening it outside of his presence or without his permission, and that when Plaintiff learned of this he was, in some instances, caused emotional and/or physical distress. For this, Plaintiff seeks "punitive and nominal damages, for violating [his] rights for negligence and failure to provide proper training to mail room staff." (Dkt. No. 1 at 7.) Plaintiff's claim is

properly construed as a claim brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) because it is for damages and turns on the violation of constitutional rights by agents acting under color of federal law.

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the Complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 679. The district court's "inquiry then is limited to

whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations," but it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. Discussion

As an initial matter, the Court addresses the procedural stance of Defendants' motion. The Magistrate Judge chose to construe Defendants' motion to dismiss as a motion for summary judgment because they appended two exhibits that the Magistrate Judge considered. Plaintiff also appended supporting documents to his response in opposition (Dkt. No. 51), after being warned of the summary judgment procedure in a *Roseboro* order (Dkt. No. 47). This Court declines to convert Defendants' motion to dismiss as a motion for summary judgment for two reasons. First, currently pending before the Magistrate Judge is Plaintiff's "motion for discovery" of the "legal mail log book from October 4, 2018 for Estill FCI and SPC." (Dkt No. 50.) In their opposition to this motion for discovery, Defendants emphasize that "Discovery is not appropriate while there is a pending motion asserting qualified immunity." (Dkt. No. 52 at 1.) Defendants should not have the benefit of both appending a record to their motion to dismiss and arguing that discovery of a record is improper given that pending motion. Second, the Magistrate Judge recommends that by granting summary judgment to Defendants, the Court would "moot" Plaintiff's motion for discovery. The Court disagrees. If the Court construed Defendants' motion as for summary judgment on a record, it would be inequitable to rule on that record without first resolving whether Plaintiff may supplement it with two specific documents.

In any event, the Court need not review any record to find that Plaintiff's *Bivens* and violation of the FTCA claims should be dismissed. Therefore, the Court declines to adopt the R & R as the order of the Court in as much as the R & R converted a motion to dismiss into a motion for summary judgment. Instead, the Court reviews only the complaint to the Rule 12(b)(6) standard and finds that it is subject to dismissal.

First, as to the timely *Bivens* claim against the Estill FCI staff Defendants, Plaintiff seeks to hold them responsible in their "personally [sic] and professional capacities." (Dkt. No. 51 at 8.) But a *Bivens* claim is understood to be brought against a federal officer in his or her individual capacity. *Bivens*, 403 U.S. at 391. The doctrine of qualified immunity protects government officials from liability where the official's conduct does not violate a "clearly established" constitutional right. *Evans v. Chalmers,* 703 F.3d 636, 646 (4th Cir. 2012). "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged. Moreover, the manner in which this right applies to the actions of the official must also be apparent." *Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994). If the district court first determines that no clearly established right has been violated, the qualified immunity inquiry ends "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). Qualified immunity's "establishment at the pleading or summary judgment state has been specifically encouraged." *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992).

Plaintiff's claims that his First, Sixth and Fourteenth Amendment rights were violated when the prison staff Defendants mistakenly opened his legal mail outside his presence. These acts do not support claims previously recognized under *Bivens*. *See, e.g.*, *Clemmons v. United States*, No. 0:16-cv-1305-DCC, 2018 WL 4959093, at *2 (D.S.C. Oct. 15, 2018) ("Congress and the courts have not expanded the *Bivens* remedy to include claims for denial of access to courts under the First Amendment."). Therefore, construing the facts alleged and their reasonable inferences in a light most favorable to Plaintiff, the record does not support finding that the Estill staff Defendants violated a clearly established constitutional right. Plaintiff's claim against the Estill staff defendants is subject to dismissal.

Second, Plaintiff's claim that the United States of America violated the FTCA is also subject to dismissal. The FTCA provides a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff alleges that his constitutional rights were violated when prison staff opened his legal mail, and the "United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). Nor are Plaintiff's allegations of aggravated blood pressure or diabetes and emotional distress or depression sufficient "physical injury" to sustain a claim for violation of the FTCA. 28 U.S.C. § 1346(b)(1); *see also id.* § 1346(b)(2) ("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in

custody without a prior showing of physical injury[.]"). This claim is, therefore, subject to dismissal on summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the R & R (Dkt. No. 60) as the order of the Court. Defendants' motion to dismiss (Dkt. No. 46) is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

February 10, 2020
Charleston, South Carolina